**Katherine SCIULLI, individually and all other persons who are or may be similarly situated, Plaintiffs,**

**v.**

**Alfred L. TRONZO, Administrator of the Housing Authority of the City of Pittsburgh, Pennsylvania, Defendant.**

**Civ. A. No. 69–772.**

United States District Court
W. D. Pennsylvania.

Oct. 9, 1969.

R. Stanton Wettick, Jr., Donald Saxton, Neighborhood Legal Services Ass'n, Pittsburgh, Pa., for plaintiffs.

Everett E. Utterback, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior Judge.

This is an action challenging the constitutionality of a practice of the Housing Authority of the City of Pittsburgh, Pennsylvania, whereby tenants residing in public housing may be and are evicted without being afforded an administrative hearing upon the causes of said evictions. The immediate matters before the Court are defendant's Petition for a Rule to Show Cause Why the Complaint Should Not be Dismissed and a Motion to Intervene as Party-Plaintiff.

The original Complaint was filed by one Katherine Sciulli, a tenant threatened by eviction, on behalf of herself and all others who are or may be similarly situated. Both injunctive and declaratory relief have been sought pursuant to 28 U.S.C. §§ 1343, 2201 and 2202 and 42 U.S.C. § 1988, and, additionally, a request has been made for the impanelling of a Three-Judge Court pursuant to 28 U.S.C. §§ 2281 and 2284. A temporary restraining order was entered, a hearing held on July 3, 1969, and the matter taken under advisement.

Subsequently, the Court was apprised by counsel for Katherine Sciulli that she had since voluntarily removed from the premises of the Housing Authority and was living elsewhere. Not yet having made a determination as to whether the action was to be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court, sua sponte, entered an Order directing the plaintiff to show cause why the action should not be dismissed as moot. The defendant subsequently filed a Petition of similar import.

Understandably, in an effort to strengthen the representation of the alleged class of persons affected by the aforementioned practice of the Housing Authority, the Neighborhood Legal Services Association, counsel for Katherine Sciulli, filed a Petition for Intervention on behalf of Loutillos and Patricia Mowry, two other tenants threatened by eviction. The Court conducted a hearing upon both the Petition to Show Cause and Petition for Intervention on September 26, 1969.

Without determining whether the question presented herein provides an appropriate basis for a class action, as well it might, the Court concludes that, in the unusual circumstances of this case, the individual plaintiff has failed to make a sufficient showing that she would adequately represent the class asserted. Nor do I find that the proposed intervention would remedy the deficiency.

Accordingly, I conclude that the action should not be maintained as a class action. With only the action of the individual party-plaintiff remaining before the Court, it must be dismissed as moot for the reason that the individual party-plaintiff has since vacated the premises. Intervention, therefore, is deemed inappropriate since the Court has no action before it.

In a letter to the Court dated September 30, 1969, Donald D. Saxton, Jr., Esquire, of the Neighborhood Legal Services Association, advises that his office acquiesces in the dismissal of the action on the grounds set forth hereinabove.

An appropriate Order is entered.